ShackeleoRD, J.,
delivered the opinion of the Court.
This hill was filed on the Chancery side of the Common Law and Chancery Court at Memphis, to foreclose a mortgage executed hy the defendant, on three lots in the City of Memphis, which had been duly registered to secure the payment of two notes, of $2,500 each, dated July 22d, 1862, due in twelve and twenty-four months from date, payable at the Union Bank, indorsed hy Stillman & Beach. The *21 «answer of the defendant and the. proof, shows the consideration for which the notes were executed was Confederate Treasury notes. The Chancellor dismissed the hill; from which the complainant has appealed.
It is a well settled principle in executing contracts, if the consideration is illegal and against public policy, the Court would not lend its active aid to enforce it. Ho rule of law is more clearly defined and settled than this, in the American and English Jurisprudence: 3 Head., 297 and 723 ; 6 Bing., 174; 10 Bing., 110. This Court, held in the case of Overall vs. Wright, deceased, at Nashville, December Term, 1865, in manuscript, that an agreement to credit a payment in Confederate Treasury Notes, for which Mr. Wurtz had given his receipt, and on the trial sought to have credited on the .note, was no payment; that Confederate Treasury Notes were issued for an unlawful purpose, and in violation- of the laws of the State, and Constitution of the United States, and that all contracts founded upon them, was illegal, and could not be enforced through the Courts. In the case of Craig vs. the State of Missouri, the Supreme Court of the United States held, a promissory note given for certificates issued at the Loan Office of Chariton, Missouri, payable to the State of Missouri, under the Act of the Legislature establishing Loan Offices, was void, 4 Peters, 410, the Act being in conflict with the Constitution of the United States.
In the case under consideration, the notes were issued by an unlawful confederation of States, whose declared purpose was to overthrow the Constitution. *22 The enforcement of all such contracts is against public policy. The party seeking the aid of the Court will be repelled. The defendant, not out of any favor to him, but because he is such, can allege and show the illegality of the contract. That' being made apparent, the legal consequences follow.
There is no error in the decree of the Chancellor, and the same is affirmed.